1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

| | |
|---|---|
| HUGO PINEDA, | ) Case No. CV 12-2344 SJO (JCG) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER ACCEPTING REPORT AND** |
| | ) **RECOMMENDATION OF UNITED** |
| ROBERT TRIMBLE, Warden, | ) **STATES MAGISTRATE JUDGE AND** |
| | ) **DENYING CERTIFICATE OF** |
| Respondent. | ) **APPEALABILITY** |
| | ) |
| | ) |

17

18       Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the

19   Magistrate Judge's Report and Recommendation, Petitioner's Objections to the

20   Report and Recommendation, and the remaining record, and has made a *de novo*

21   determination.

22       Petitioner's Objections generally lack merit for the reasons set forth in the

23   Report and Recommendation.  There is one issue, however, that warrants brief

24   amplification here.

25       Petitioner contends that he is entitled to statutory tolling because he filed an

26   "Ex Parte Motion for Order for Transcripts" ("Motion") in Los Angeles County

27   Superior Court on January 14, 2011.  (Obj. at 1-2, 4.)  In the Motion, Petitioner

28   asked the Superior Court to:  (1) provide him with records of his trial proceedings,

1

1  including the Clerk's Transcript and Reporter's Transcript; or (2) order his

2  "appointed counsel" to provide such documents. (*Id.* at 4-7.) Petitioner argued

3  that he "needed" the documents to prepare a "habeas defense." (*Id.* at 5.)

4       Such a Motion, however, does *not* toll AEDPA's limitation period because it

5  does not constitute "a properly filed application for State post-conviction or other

6  collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *See, e.g.,*

7  *Ramirez v. Yates*, 571 F.3d 993, 999-1000 (9th Cir. 2009) (petitioner's "discovery

8  motions ... did not statutorily toll the limitations period" because they "did not

9  challenge his conviction, but simply sought material he claimed might be of help in

10 later state proceedings") (internal quotation marks and citation omitted); *Hodge v.*

11 *Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (No statutory tolling where petitioner's

12 application "did not challenge his conviction. Rather, it sought material he claimed

13 might be of help in developing such a challenge ...."); *McCaffery v. Henry*, 2008

14 WL 859455, at *4 (N.D. Cal. Mar. 28, 2008) ("Petitioner's filings in state superior

15 court, including her motions for copies of the trial record ... and her petition for a

16 writ of mandate to compel the public defender to provide her a copy of the trial

17 record ..., did not toll the limitations period because they did not constitute a

18 challenge to Petitioner's conviction.").

19      Accordingly, IT IS ORDERED THAT:

20      1.    The Report and Recommendation is approved and accepted;

21      2.    Judgment be entered denying the Petition and dismissing this action

22            with prejudice; and

23      3.    The Clerk serve copies of this Order on the parties.

24      Additionally, for the reasons stated in the Report and Recommendation, the

25 Court finds that Petitioner has not shown that "jurists of reason would find it

26 debatable whether": (1) "the petition states a valid claim of the denial of a

27 constitutional right"; and (2) "the district court was correct in its procedural

28 ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court

1  declines to issue a certificate of appealability.

2

3        June 13, 2012.

4  DATED: _____

5                                    _____

6                                    HON. S. JAMES OTERO
                                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28